**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

IYMAAN WILLIAMS,

Plaintiff,

v.

CONSOLIDATED GOVERNMENT OF AUGUSTA, GA, and THE GEORGIA PUBLIC DEFENDER COUNCIL, and THE AUGUSTA CIRCUIT PUBLIC DEFENDER'S OFFICE, and KATHERINE MASON in her individual capacity,

Defendants.

CIVIL ACTION FILE NO. 1:21-cv-145

**JURY TRIAL DEMANDED**

**COMPLAINT**

COMES NOW Plaintiff, Iymaan Williams, and hereby files this Complaint against The Consolidated Government of Augusta, GA ("Defendant Augusta"); The Georgia Public Defender Council ("Defendant GPDC"); The Augusta Judicial Circuit Office of the Public Defender ("Defendant AJCPD"); and Katherine Mason in her individual capacity ("Defendant Mason") (All Defendants are referred to collectively as "Defendants") showing the court as follows:

**I. JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I through III of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII").

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts IV through VI of this Complaint, which arise out of 42 U.S.C. § §1983, 1981, and 1988.

3. Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Augusta Division of the Southern District of Georgia.

4. Plaintiff exhausted all administrative remedies in this matter.

## II. PARTIES

5. Plaintiff is a citizen of the United States.

6. Defendant Augusta is a local government with headquarters at 535 Telfair Street, Augusta, Georgia, 30901.

7. Defendant Augusta may be served by delivering a copy of the Complaint and Summons to 535 Telfair Street, Augusta, Georgia 30901.

8. Defendant GPDC is a government agency in the State of Georgia.

9. Defendant GPDC may be served with a summons and copy of the Complaint in this action by delivering process to The Georgia Public Defender Council, Ms. Jimmonique Rodgers, Deputy Director, 104 Marietta St. NW, Suite 400, Atlanta, Georgia 30303.

10. Defendant AJCPD is a government agency in the State of Georgia.

11. Defendant AJCPD may be served with a summons and copy of the Complaint in this action by delivering process to The Augusta Judicial Circuit Public Defender, Katherine M. Mason, 902 Greene Street, Augusta, Georgia 30901.

12. Defendant Mason is an officer of a government agency in the State of Georgia, Augusta Judicial Circuit Public Defender and The Georgia Public Defender Council.

13. Defendant Mason may be served with a summons and copy of the Complaint in this action by delivering process to The Augusta Judicial Circuit Public Defender, Katherine M. Mason, 902 Greene Street, Augusta, Georgia 30901.

14. Defendants were joint employers at all times relevant to this complaint.

15. Defendants are subject to the requirements of the laws enumerated in the Jurisdiction and Venue section of this Complaint.

## III. FACTUAL ALLEGATIONS

16. Plaintiff is African American.

17. Plaintiff is female.

18. Plaintiff was employed by Defendants from January 2, 2016, until her termination on October 24, 2019.

19. During all times relevant to her Complaint, Plaintiff was employed by the Augusta Richmond County Public Defender's Office as an Assistant Public Defender.

20. The Augusta Richmond County Public Defender's Office is a department within Defendant Augusta.

21. Plaintiff was compensated by Defendant Augusta.

22. Pursuant to OCGA § 17-12-31, Plaintiff served as a Defendant Augusta employee at the pleasure of Defendants GPDC, AJCPD, and Mason, via the Augusta Circuit Public Defender, Ms. Katherine Mason.

23. Defendant Mason is an employee of Defendants GPDC and AJCPD.

24. At all relevant times, Defendants jointly retained control of the terms and conditions of employment of Plaintiff, and shared or co-determined those matters governing the essential terms and conditions of Plaintiff's employment.

25. Defendant Mason had the authority to hire, promote, demote, terminate, supervise, and define the job duties of Plaintiff, as well as regulate Plaintiff's work environment.

26. Plaintiff received no disciplinary actions throughout her employment with Defendants.

27. Plaintiff received no poor performance reviews throughout her employment with Defendants.

28. The Augusta Richmond County Public Defender's Office consists of both state court and superior court attorneys.

29. All newly hired attorneys start in state court.

30. After beginning in state court, attorneys are later promoted to superior court by Defendant Mason upon the recommendation of supervising attorneys.

31. During the relevant time period, there were approximately six (6) teams in superior court.

32. During the relevant time period, each superior court team consisted of 2-3 attorneys.

33. One attorney on each team was a supervisor.

34. Supervising attorneys act at the behest of Defendant Mason.

35. Defendants' standard practice is that cases are distributed evenly among team attorneys, regardless of severity.

36. Each team was assigned to a specific superior court Judge.

37. Plaintiff was promoted to a superior court team in 2017.

38. Plaintiff remained on a superior court team until her termination.

39. At the time of her promotion to superior court, there were two (2) members on Plaintiff's team, Plaintiff and her supervisor.

40. In March 2018, Ms. Lyndsey A. Hix became Plaintiff's supervising attorney.

41. Ms. Hix is Caucasian.

42. In November 2018, Plaintiff learned that a new attorney was set to join her team.

43. The new attorney on the team, Ms. Jennifer Cross, is Caucasian.

44. Ms. Hix informed Plaintiff she would not give Ms. Cross a large caseload to start, contrary to standard policy.

45. Plaintiff was informed that Ms. Cross would be assigned approximately 35 cases, compared to Plaintiff's approximately 160 cases.

46. Ms. Hix had 101 cases.

47. On or about November 2, 2018, Plaintiff emailed Ms. Hix and complained of the unequal case load distributions.

48. In that email, Plaintiff explained that the planned distribution was inconsistent with the standard practice of equal distribution.

49. At the time, Plaintiff was the only African American attorney on her team.

50. Plaintiff did not receive a response.

51. No remedial action was taken.

52. On November 6, 2018, an office meeting was held to discuss a new process for handling cases.

53. During that meeting, Plaintiff again reported her concerns about unequal caseload distribution and assignment.

54. Following the meeting, Ms. Hix emailed Plaintiff and instructed her to attend a meeting with Ms. Hix and Mr. Lee Prescott, Chief Assistant Public Defender.

55. Mr. Prescott is Caucasian.

56. Mr. Prescott was employed by Defendants GPDC, AJCPD, and Mason.

57. During the meeting with Ms. Hix and Mr. Prescott, Plaintiff again raised concerns of

unequal case distribution in relation to race.

58. Plaintiff stated that the assignment was biased and unfair.

59. Mr. Prescott shouted at Plaintiff in a hostile and threatening manner during the meeting and accused Plaintiff of creating a conspiracy.

60. Following her complaints, Plaintiff was subjected to micromanaging by Ms. Hix, including, but not limited to, close monitoring of her whereabouts and leave of court hours.

61. Following Plaintiff's complaint, other supervising attorneys also began to engage in harassing behavior against Plaintiff.

62. On or about January 3, 2019, Mr. Todd Mitchell, Felony Division Managing Attorney, questioned Plaintiff regarding her use of sick leave.

63. Mr. Mitchell is Caucasian.

64. Mr. Mitchell accused Plaintiff of fabricating a sickness.

65. On or about January 4, 2019, Ms. Mason sent Plaintiff an email notifying Plaintiff that she ordered that her sick leave hours be changed to personal leave.

66. In response, Plaintiff submitted another written complaint regarding the ongoing harassment.

67. In February 2019, Plaintiff was told she would be transferred to a new team in March 2019.

68. Plaintiff's new team leader was Mr. Robert MacGregor.

69. Mr. MacGregor is Caucasian.

70. Mr. MacGregor is male.

71. Prior to her transfer, Plaintiff was told by Ms. Hix and Defendant Mason that her new

workload would be more difficult, and that Plaintiff may have to work weekends and stay late.

72. Ms. Hix and Defendant Mason were aware that Plaintiff had a 3-year-old daughter and that work after hours and/or on the weekend would interfere with her ability to care for her child.

73. Plaintiff would be the only female and parent on her new team.

74. Plaintiff would be the only African American attorney on her new team.

75. Even after Plaintiff's March 2019 transfer, she continued to be subjected to ongoing harassment, unfair targeting, intense scrutiny, nitpicking, micromanaging, and hostile work environment by her supervising attorneys and Defendant Mason.

76. On or about August 2019, Mr. Mitchell sent Plaintiff an email about her appeal report, which was due every month.

77. In the email, Mr. Mitchell wrongly accused Plaintiff of not submitting her report.

78. Upon Plaintiff's investigation of the matter, she discovered that her appeal report had been intentionally deleted to make it appear as though she had not submitted her report.

79. Plaintiff immediately notified her supervisor, Mr. McGregor, regarding the matter.

80. Mr. McGregor just told Plaintiff that he was sorry that she "was going through that".

81. No investigation was undertaken.

82. On or around October 17, 2019, Plaintiff reported to Mr. MacGregor that she felt harassed and unfairly treated after being wrongly accused of not communicating with clients.

83. In late October 2019, Ms. Mason began pulling Plaintiff's files and notating them.

84. On or about October 24, 2019, Plaintiff emailed Mr. MacGregor, and asked why her files were being pulled.

85. Plaintiff noted that neither her supervisor nor her other team member had their files

pulled or reviewed.

86. Plaintiff reported that the actions were discriminatory, as the male, Caucasian attorneys did not similarly have their files reviewed and notated.

87. Plaintiff also reported that the previous attorney that she inherited her caseload from had hardly worked on the case files.

88. That previous attorney, Mr. Thomas McCants, was a Caucasian, male.

89. Mr. McCants had been promoted, which necessitated Plaintiff's transfer.

90. The following day, October 25, 2019, Defendant Mason reviewed Plaintiff's emails from the last 30 days and contacted all of Plaintiff's bonded clients.

91. The male Caucasian attorneys did not similarly have their emails reviewed and clients contacted.

92. Plaintiff again reported that the behavior was discriminatory.

93. Plaintiff was asked to attend a meeting with the supervising attorneys, who had been harassing Plaintiff since her initial complaints of race discrimination.

94. Plaintiff declined to attend the meeting alone due to the ongoing harassment, discrimination, and her concerns about being subjected to a hostile encounter similar to that with Mr. Prescott.

95. Plaintiff therefore asked to have Human Resources present at the meeting.

96. Instead, Plaintiff was terminated by Defendants via email on October 25, 2019.

97. Throughout Plaintiff's employment with Defendants, she personally observed various issues with colleagues that were not in compliance with formal policies.

98. Those issues ranged from file notation and case management, client complaints about

certain attorneys' competency and performance, client visits and letters, use of leave of court and vacation hours, attendance and availability, etc.

99. Those issues were prevalent throughout the APD's Office and were known by all Defendants.

100. Neither Defendant Mason, nor any other supervising attorney has ever attacked or questioned Plaintiff's colleagues competency or performance as was done to Plaintiff.

101. Defendant Mason has never placed an attorney comparable to Plaintiff on a "performance improvement plan."

102. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC").

103. In February 2021, the EEOC made a determination in Plaintiff's favor, and found that there was reasonable cause to conclude that the Charging Party (Plaintiff herein) was subjected to a hostile work environment, and different terms and conditions of employment based on her race and sex and discharged in retaliation for engaging in protected activity all in violation of Title VII. Exhibit A.

104. Plaintiff received her Notice of Right to Sue on June 23, 2021. Exhibit B.

## IV. CLAIMS FOR RELIEF

### COUNT I: TITLE VII RACE DISCRIMINATION AS TO DEFENDANTS AUGUSTA, AJCPD, & GPDC

105. Plaintiff reasserts and incorporates Paragraphs 1 through 104 of this Complaint as if fully set forth herein.

106. Plaintiff is a member of a protected class by virtue of her race. *Para. 16.*

107. Defendants Augusta, AJCPD, and GPDC discriminated against Plaintiff in the terms and

conditions of her employment based on race. *Paras. 44-46, 60, 62-65, 76-85, 90-91.*

108. Plaintiff was subjected to a hostile work environment. *Paras. 44-46, 59-60, 62-65, 76-85, 90-91.*

109. Plaintiff was terminated from her employment. *Para. 96.*

110. Defendants Augusta, AJCPD, and GPDC treated Plaintiff disparately from other employees on the basis of race. *Paras. 44-46, 50, 62-65, 76-85, 90-91.*

111. Defendants Augusta, AJCPD, and GPDC have no legitimate business reasons for the adverse actions against Plaintiff.

112. Plaintiff has suffered damages as a result of Defendants' discrimination, for which she is entitled to recovery.

**COUNT II: TITLE VII GENDER DISCRIMINATION AS TO DEFENDANTS AUGUSTA, AJCPD, AND GPDC**

113. Plaintiff reasserts and incorporates Paragraphs 1 through 112 of this Complaint as if fully set forth herein.

114. Plaintiff is a member of a protected class by virtue of her gender. *Para. 17.*

115. Defendants Augusta, AJCPD, and GPDC discriminated against Plaintiff in the terms and conditions of her employment based on gender. *Para. 73-93.*

116. Plaintiff was subjected to a hostile work environment. *Para. 73-93.*

117. Plaintiff was terminated from her employment. *Para. 96.*

118. Defendants Augusta, AJCPD, and GPDC treated Plaintiff disparately from other employees on the basis of gender. *Para. 73-93.*

119. Defendants Augusta, AJCPD, and GPDC have no legitimate business reasons for the adverse actions against Plaintiff.

120. Plaintiff has suffered damages as a result of Defendants' discrimination, for which she is entitled to recovery.

**COUNT III: TITLE VII RETALIATION AS TO DEFENDANTS AUGUSTA, AJCPD, AND GPDC**

121. Plaintiff reasserts and incorporates Paragraphs 1 through 120 of this Complaint as if fully set forth herein.

122. Plaintiff engaged in a protected activity pursuant to Title VII by complaining in good faith about the illegal race and gender discrimination perpetrated by Defendant. *Paras. 47-49, 53, 57, 82, 86-87.*

123. Defendants Augusta, AJCPD, and GPDC retaliated against Plaintiff by taking adverse employment actions, in violation of Title VII.

124. Defendants Augusta, AJCPD, and GPDC retaliated against Plaintiff by subjecting Plaintiff to a hostile work environment, in violation of Title VII. *Paras. 54-59, 60-81, 83-85, 90, 96.*

125. Plaintiff was terminated from her employment. *Para. 96.*

126. Defendants Augusta, AJCPD, and GPDC have no legitimate business reasons for the adverse actions against Plaintiff.

127. Plaintiff has suffered damages as a result of Defendants' retaliation, for which she is entitled to recovery.

**COUNT IV: §1983 RACE DISCRIMINATION AS TO ALL DEFENDANTS**

128. Plaintiff reasserts and incorporates Paragraphs 1 through 127 of this Complaint as if fully set forth herein.

129. Plaintiff is a member of a protected class by virtue of her race. *Para. 16.*

130. Defendants discriminated against Plaintiff in the terms and conditions of her employment based on race. *Paras. 44-46, 60, 62-65, 76-85, 90-91.*

131. Defendants terminated Plaintiff's employment. *Para. 96.*

132. Defendants treated Plaintiff disparately from other employees on the basis of race, in violation of 42 U.S.C.§1981 as enforced by 42 U.S.C.§1983. *Paras. 44-46, 50, 62-65, 76-85, 90-91.*

133. Defendants have no legitimate business reasons for the adverse actions against Plaintiff.

134. Plaintiff has suffered damages as a result of Defendants' discrimination, for which she is entitled to recovery.

**COUNT V: §1983 RETALIATION AS TO ALL DEFENDANTS**

135. Plaintiff reasserts and incorporates Paragraphs 1 through 134 of this Complaint as if fully set forth herein.

136. Plaintiff engaged in statutorily and constitutionally protected activity by complaining in good faith about the illegal race discrimination perpetrated by Defendant. *Paras. 47-49, 53, 57, 82, 86-87.*

137. Defendants retaliated against Plaintiff by taking adverse employment actions, in violation of 42 U.S.C. §1981 as enforced by 42 U.S.C.§1983. *Paras. 54-59, 60-81, 83-85, 90, 96.*

138. Defendants terminated Plaintiff's employment. *Para. 96.*

139. Defendants have no legitimate business reasons for the adverse actions against Plaintiff.

140. Plaintiff has suffered damages as a result of Defendants' retaliation, for which she is entitled to recovery.

**COUNT VI: §1988 ATTORNEY FEES AND COSTS AS TO ALL DEFENDANTS**

141. Plaintiff reasserts and incorporates Paragraphs 1 through 140 of this Complaint as if fully set forth herein.

142. As Defendants violated Plaintiff’s rights protected by 42 U.S.C. §§1983 and 1981, Plaintiff is entitled to recover her attorney's fee and expenses as provided by §1988 and other relevant federal statutes.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the enlightened conscience of a jury; and

d. Attorney's fees, costs of litigation and any other relief the Court deems just and proper.

Respectfully submitted, this 16th day of September, 2021.

                                    THE KIRBY G. SMITH LAW FIRM, LLC

                                    s/Amanda M. Brookhuis
                                    Amanda Brookhuis
                                    Georgia Bar No. 601396
                                    *Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com

**JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 16th day of September, 2021.

THE KIRBY G. SMITH LAW FIRM, LLC

s/Amanda M. Brookhuis
Amanda M. Brookhuis
Georgia Bar No. 601396
*Attorney for Plaintiff*

4488 North Shallowford Road
Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 352-6253
amb@kirbygsmith.com