# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| IYMAAN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No: |
| | ) | 1:21-cv-00145-JRH-BKE |
| v. | ) | |
| | ) | |
| CONSOLIDATED GOVERNMENT | ) | |
| OF AUGUSTA, GA, and THE | ) | |
| GEORGIA PUBLIC DEFENDER | ) | |
| COUNCIL, and THE AUGUSTA | ) | |
| CIRCUIT PUBLIC DEFENDER'S | ) | |
| OFFICE, and KATHERINE | ) | |
| MASON in her individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AUGUSTA, GEORGIA'S[1]
## MOTION TO DISMISS AMENDED COMPLAINT
## AND MEMORANDUM OF LAW IN SUPPORT

Defendant Augusta, Georgia ("Augusta"), by and through its undersigned

counsel, hereby files this Motion to Dismiss Plaintiff Iymaan Williams' ("Plaintiff

or "Williams") Amended Complaint (Doc. 22) pursuant to Federal Rule of Civil

Procedure 12(b)(6) ("Motion"). As discussed below, Plaintiff's Section 1983 claims

are barred because Plaintiff fails to identify a custom or policy by Augusta that led

---

[1] The proper identification for "Consolidated Government of Augusta, GA" is
Augusta, Georgia.

to the alleged violation of Plaintiff's constitutional rights. In any event and setting aside Plaintiff's conclusory allegations, Augusta had no authority to control the entities and individuals at the center of Plaintiff's claims. Further, Plaintiff's Title VII claims fail because Plaintiff did not exhaust her administrative remedies with respect to Augusta and Augusta was not her employer. Therefore, Augusta should be dismissed as a party to this action.

## I.   STATEMENT OF PERTINENT FACTS[2]

### A.   Plaintiff's Employment with the Public Defender's Office

Plaintiff, an African American woman, began working for the Augusta Judicial Circuit Office of the Public Defender ("AJCPD") in 2016 and was an Assistant Public Defender at all times relevant to her claims. (Am. Compl. at ¶¶ 16-17, 21-22).  Throughout Plaintiff's employment with the AJCPD, Katherine Mason served as the Augusta Circuit Public Defender.  (*Id.* at ¶¶ 12, 22, 30, 32).  The AJCPD and Ms. Mason are part of the Georgia Public Defender Council ("GPDC"), which is an independent agency separate and apart from Augusta within the executive branch of the State of Georgia.  (*Id.* at ¶ 30; O.C.G.A. § 17-12-1).  Plaintiff

---

[2] The statement draws upon the Amended Complaint filed in this action (Doc. 22 ("Am. Compl.")). The facts cited in the Amended Complaint are taken as true for purposes of this Motion to Dismiss without Augusta's admission of the same.

and other individuals employed by the circuit public defender serve at the pleasure of the circuit public defender and are compensated by the county or counties comprising the judicial circuit. (Am. Compl. at ¶¶ 26, 32; O.C.G.A. § 17-12-31).

Plaintiff acknowledges in her Amended Complaint that Ms. Mason, GPDC, and AJCPC—and not Augusta—had "the authority to hire, promote, demote, terminate, supervise, and define the job duties of Plaintiff, as well as regulate Plaintiff's work environment." (Am. Compl. at ¶ 32). Ms. Mason also had the authority to order, authorize, and approve caseload assignments; review the work of the attorneys in her office, including Plaintiff; and place attorneys on performance improvement plans. (*Id.* at ¶¶ 58, 102, 111, 130). In addition to Ms. Mason's control of Plaintiff's day-to-day duties, Ms. Mason denied or approved Plaintiff's leave requests. (*Id.* at ¶ 78). Aside from Ms. Mason, Plaintiff was also supervised by several attorneys who "act[ed] at the behest of" Ms. Mason and not Augusta. (*Id.* at ¶¶ 44, 50, 73-74, 83, 91).

### B.    Plaintiff's Alleged Complaints and Retaliatory Treatment by AJCPD Supervisors Hix and Prescott

As alleged in the Amended Complaint, Plaintiff learned in November 2018 that a new Caucasian attorney on her team was assigned to a smaller number of cases by their shared AJCPD supervisor, Lyndsey A. Hix, who also is Caucasian. (*Id.* at ¶¶ 50-57). This caseload distribution, which allegedly contradicted "Defendants"

3

standard policy, was "ordered, authorized, and approved" by Ms. Mason. (*Id.* at ¶¶ 55, 58). As a result, Plaintiff complained to Ms. Hix via an email and during an office meeting "about unequal caseload distribution and assignment." (*Id.* at ¶¶ 59-60, 64-65). Plaintiff was the only African American attorney on a team of three attorneys. (*Id.* at ¶¶ 49, 61). Following her complaint about the distribution of cases, Plaintiff contends that the Caucasian Chief Assistant Public Defender, Lee Prescott, among other things, shouted at her, and Ms. Hix began to micromanage Plaintiff. (*Id.* at ¶¶ 66-72). Ms. Hix and Mr. Prescott were employees of AJCPD and not Augusta. (*See* State Employee Public Records, attached as Exh. 1)[3].

### C.   Plaintiff's Complaints about the Actions of AJCPD Supervisors Todd Mitchell and Roger MacGregor

In January 2019, Plaintiff contends that another Caucasian supervising attorney, Todd Mitchell, questioned her use of sick leave, and Ms. Mason instructed Plaintiff to change her sick leave hours to personal leave. (Am. Compl. at ¶¶ 73-76, 78). Plaintiff submitted her second complaint as a result. (*Id.* at ¶ 81).

---

[3] Augusta requests that the Court take judicial notice of the public records reflecting that Lindsey Hix, Harold Lee Prescott, Robert MacGregor, and James Todd Mitchell were state employees during the relevant time period. *See, e.g., Universal Express, Inc. v. U.S. S.E.C.*, 177 F. App'x 52, 53 (11th Cir. 2006) (the court can consider public records when deciding a motion to dismiss without converting the motion to a motion for summary judgment). To that end, Augusta attaches such records hereto as "Exhibit 1."

Thereafter, Plaintiff was transferred to a new team led by a Caucasian male supervisor, Robert MacGregor, in March 2019. (*Id.* at ¶¶ 82-85). Plaintiff was allegedly the only African American and female parent on her new team. (*Id.* at ¶¶ 89-90). Prior to Plaintiff's transfer, Ms. Hix and Ms. Mason allegedly warned Plaintiff that the new courtroom assignment had a more demanding workload requiring Plaintiff to work weekends and work late. (*Id.* at ¶¶ 87-88).

Approximately five months after her transfer, Mr. Mitchell sent Plaintiff an email about her not submitting her monthly report even though Plaintiff contends she had done so. (*Id.* at ¶¶ 94-96). After Plaintiff's own investigation, she notified her then-supervisor, Mr. MacGregor, of this incident and Mr. MacGregor allegedly failed to investigate the matter. (*Id.* at ¶¶ 97-98). Mr. Mitchell and Mr. MacGregor were employees of AJCPD and not Augusta. (*See* Ex. 1).

### D.    Ms. Mason Terminates Plaintiff's Employment

Sometime in late October 2019 and following a complaint involving Plaintiff not communicating with clients, Ms. Mason allegedly began pulling Plaintiff's files and notating them, reviewing Plaintiff's emails, and contacting all of Plaintiff's bonded clients. (Am. Compl. at ¶¶ 101-102, 106, 111). Plaintiff allegedly "reported

to Defendants that the behavior was discriminatory" even though Plaintiff fails to mention to whom she specifically made the report. (*Id.* at ¶ 113).

On October 25, 2019, Plaintiff was asked to attend a meeting with the supervising attorneys, which she declined. (*Id.* at ¶¶ 114-115). Plaintiff's employment was terminated on the same day "by direction of [Ms.] Mason." (*Id.* at ¶ 117). Plaintiff contends that, contrary to GDPC's policy, she was not advised of her right to appeal her termination and her termination was not in line with GDPC's progressive discipline policy. (*Id.* at ¶¶ 121-125). According to Plaintiff, Augusta received notice of Plaintiff's termination from Ms. Mason on an unknown date. (*Id.* at ¶ 119).

### E.    Plaintiff's EEOC Charge against AJCPD

Following her termination, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission (EEOC).[4] (*Id.* at

---

[4] The Court may consider Plaintiff's EEOC Charge, to which she refers in the Amended Complaint (*e.g.*, Am. Compl. ¶¶ 131-134), in connection with this dismissal motion without converting it to a motion for summary judgment. *See SFM Holdings, Ltd. V. Banc of America Sec., L.L.C.*, 600 F. 3d 1334, 1337 (11th Cir. 2010); *Brooks v. Blue Cross and Blue Shield of Florida. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment"); *see also Edmonds*

¶ 131; Exh. 2). In her Charge, Plaintiff only named "Augusta Public Defender's Office" as her employer, and she stated that she was hired by the "named employer." *See* Exh. 2. Plaintiff also only named the following individuals in her Charge who are all employees of AJCPD, not Augusta: Ms. Mason, Mr. Prescott, Ms. Hix, Mr. Mitchell, and Mr. MacGregor. *See generally id.; see also* Ex. 1. Plaintiff does not assert a single allegation in her Charge to suggest that Augusta was her employer or was involved in the actions carried out by the individuals she names. *Id.* Indeed, the EEOC Determination Letter is addressed only to "Augusta Public Defender's Office." (*See* Pl.'s Am. Compl., Exhibit A).

### F.    Plaintiff's Lawsuit Against Her Employer and Augusta

On September 16, 2021, Plaintiff commenced this action against Augusta, GPDC, AJCPD, and Ms. Mason. (*See* Doc. 1). After GPDC, Ms. Mason, and Augusta filed their dismissal motions (Docs. 20 and 21), Plaintiff filed an Amended Complaint on February 7, 2022, re-asserting claims for: (1) race discrimination in violation of Title VII; (2) gender discrimination in violation of Title VII; (3) retaliation in violation of Title VII; (4) race discrimination in violation of Section 1983; (5) retaliation in violation of Section 1983; and (6) attorneys' fees and costs

---

*v. Southwire Co.*, 58 F. Supp. 3d 1347, 1352 (N.D. Ga. 2014) ("In discrimination cases, the EEOC charge is a document that courts routinely consider when ruling on motions to dismiss, even if it was not attached to a pleading").

pursuant to 42 U.S.C. § 1988. (*See id.* at ¶¶ 135-177). Plaintiff asserts all six claims against Augusta offering up only the conclusory allegation that Augusta was her "joint employer" with GPDC, AJCPD, and Ms. Mason. (*Id.* at ¶¶ 14, 21, 24-25, 136, 145, 154, 162, 170).

## II.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993). In this regard, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of a claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litigation*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)); *see Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1940 (2009) ("A claim has facial plausibility when the pleaded factual content allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

While the Court must accept all well pleaded facts in the complaint as true, it owes no such deference to a plaintiff's legal conclusions. *See Iqbal*, 556 U.S. at 677 (holding that the plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully"); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard); *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) ("if allegations are indeed more conclusory than factual, then the court does not have to assume their truth.")  In sum, unless the plaintiff provides enough factual specificity to "nudge[] [his] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## III.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff's Section 1983 Claims Against Augusta Must Be Dismissed Because Plaintiff Fails to Identify Any Custom or Policy by Augusta That Led to Plaintiff's Alleged Deprivation of Constitutional Rights.

"The Supreme Court has placed strict limitations on municipal liability under Section 1983." *Grech v. Clayton County*, 335 F. 3d 1326, 1329 (11th Cir. 2003).

9

When asserting a Section 1983 claim against a local government, a plaintiff must establish that she suffered an injury by some action taken pursuant to either a custom or an official policy of the defendant. *Bd. Of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997); *Anderson v. City of Atlanta*, 778 F. 2d 678, 685 (11th Cir. 1985). Thus, to successfully pursue a section 1983 claim against a municipality, a plaintiff must actually "identify" a municipal policy or custom that was the "moving force" behind her alleged constitutional injury. *Brown*, 520 U.S. at 403; *see also McDowell v. Brown*, 392 F.3d 1283, 1290 (11th Cir.2004); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). Specifically, a plaintiff must plead either: (1) an officially promulgated policy or (2) an unofficial custom or practice shown through the repeated acts of a final policymaker for the county." *Grech*, 335 F.3d at 1329. When pleading "an unofficial custom or practice," the plaintiff must show that the custom is a "widespread practice that…is so permanent and well settled so as to constitute a custom or usage with the force of law." *Brown v. City of Fort Lauderdale*, 923 F. 2d 1474, 1481 (11th Cir. 1991); *see also McDowell*, 392 F. 3d at 1290 ("In order for a plaintiff to demonstrate a policy or custom, it is generally necessary to show a persistent and wide-spread practice").

Plaintiff has failed to make the requisite showing to impose liability on Augusta for her Section 1983 claims. Nowhere in the Amended Complaint does

Plaintiff ever identify, even generally or specifically, any officially promulgated policy by Augusta that caused or led to the violation of Plaintiff's constitutional rights. *See Moore v. Miami-Dade Cnty.*, 502 F. Supp. 2d 1224, 1231 (S.D. Fla. 2007) (holding that the plaintiff failed to plead an official policy by not identifying "any County ordinance, resolution, or administrative order"). Similarly, Plaintiff has not adequately alleged a repeated, widespread unofficial custom or practice known to Augusta's final policymaker. *See Brown*, 923 F. 2d at 1481 (the plaintiff must allege that the final policymaker for the county "know[s] about [the custom] but failed to stop it").

Instead, Plaintiff only refers to an alleged Augusta policy in a broad, conclusory sense that does not meet *Iqbal* and *Twombly*'s pleading standards: (1) Ms. Hix's caseload assignment in November that allegedly contradicted "*Defendants*' standard policy" (Am. Compl., Doc 1 at ¶ 55) (emphasis added); and (2) termination of Plaintiff's employment where "*Defendants*, including Defendant Mason, failed to follow Defendant GDPC's" policies (*Id.* at ¶¶ 124-125) (emphasis added). In any event, neither of these bare-boned, conclusory references support any notion that an Augusta promulgated and approved policy led to Plaintiff's alleged injury that serves as a basis of her Section 1983 claims.

The Eleventh Circuit has repeatedly affirmed the district court's grant of a motion to dismiss in circumstances such as here where the complaint is devoid of facts that show the existence of a policy or practice by a particular defendant. *See, e.g., See Diaz v. Miami-Dade Cty.*, 849 F. App'x 787, 792 (11th Cir. 2021) (affirming the district court's dismissal of the plaintiff's Section 1983 claims against the county because the allegations in the plaintiff's complaint were insufficient to establish that there was a wide-spread practice that is so permanent and well settled as to constitute a custom or usage with the force of law) (quotations omitted); *Harvey v. City of Stuart*, 296 F. App'x 824, 826 (11th Cir. 2008) (affirming dismissal of section 1983 claim against municipality because plaintiff "failed to identify any policy or custom that caused a constitutional violation, and his vague and conclusory allegations were insufficient to support the complaint"); *Stegeman v. Georgia*, 290 Fed. Appx. 320, 323 (11th Cir. 2008) (affirming the dismissal of the plaintiff's § 1983 claims under Rule 12(b)(6) because his complaint did not allege any injury that was the result of an official policy or custom); *Young v. Fleming*, 146 F. App'x 393, 395 (11th Cir. 2005) (affirming dismissal of section 1983 claim against a municipality because the plaintiff's complaint only "alleged various individualized acts, but failed to allege any City policy or custom that injured him."); *see also Buford v. City of Atlanta, GA*, 2009 WL 10699359, at *6 (N.D. Ga. Apr. 29, 2009)

(granting the City of Atlanta's motion to dismiss Plaintiff's claims under Section 1983 on the grounds that Plaintiff's allegations do not sufficiently plead a "custom or practice" that was the motivating force behind any violations of Plaintiff's rights).

**B.    Plaintiff's Section 1983 Claims Against Augusta Are Barred Because Augusta Has No Authority to Control the Entities and Individuals at the Center of Plaintiff's Claims.**

Equally important, Augusta is not liable for Plaintiff's Section 1983 claims because Augusta did not have authority or control over GDPC, AJCPD, or the individuals named in the Amended Complaint under Georgia law. "[A] county is liable under Section 1983 only for acts for which [the county] is actually responsible." *Grech*, 335 F. 3d at 1329 (quotations omitted). Moreover, "local governments [such as counties] can never be liable under § 1983 for the acts of those [officials] whom the local government has no authority to control." *Id.* at 1331 (quoting *Turquitt v. Jefferson County*, 137 F.3d 1285, 1292 (11th Cir.1998); *see also Wheale v. Polk Cty., Georgia*, 2021 WL 5045002, at *6 (N.D. Ga. Sept. 21, 2021) (finding that the plaintiff's Section 1983 claims fail as a matter of law because the counties did not, and were unable to, exercise over the officials and actions that serve as a basis of plaintiff's claims).

Augusta is not liable for the acts of Ms. Mason, an employee of GPDC and AJDPC, who Augusta has not authority to control under Georgia law.  O.C.G.A. §

17-12-31. Similarly, Georgia law dispossesses Augusta of any authority to supervise, hire, or fire employees of GDPC, AJCPD, or Ms. Mason, including but not limited to Ms. Hix, Mr. Prescott, Mr. Mitchell, and Mr. MacGregor because they were state employees. (*See* Ex. 1). In this regard, Plaintiff's conclusory allegations based "upon information and belief" alone, without any specific facts, that these individuals were allegedly jointly employed by Augusta (Am. Compl., Doc 1 at ¶¶ 52, 68, 77, 86) must be ignored. *See Concordia Pharms. Inc., S.À.R.L. v. Winder Labs., LLC*, 2017 WL 1001533, at *9 (N.D. Ga. Mar. 15, 2017) (granting the defendants' motion to dismiss, deeming the plaintiff's allegations conclusory because they were only based "upon information and belief" without any specific facts). In sum, it cannot be disputed that Augusta is not liable under Section 1983 for acts of entities and individuals it has no authority to control.

### C. Plaintiff's Title VII Claims Against Augusta Must Be Dismissed Because Plaintiff Failed to Exhaust Her Administrative Remedies.

Before filing a lawsuit against an entity for discrimination or retaliation under Title VII, a plaintiff must timely file a charge of discrimination with the EEOC against the same entity. 42 U.S.C. § 2000e-5(e); *Anderson v. Embarq/Sprint*, 379 Fed. App'x. 924, 926 (11th Cir. 2010) ("Before filing suit under Title VII...a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC."). "The purpose of this exhaustion requirement is that the [EEOC] should

have the first opportunity to investigate the alleged discriminatory practice to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F. 3d 1277, 1279 (11th Cir. 2004). In this regard, failure to name a party in an EEOC charge generally precludes subsequent civil action against that party. *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994).

Plaintiff failed to exhaust her administrative requirements with respect to her Title VII claims against Augusta because Augusta was never mentioned in her EEOC Charge. Rather, Plaintiff named the "Augusta Public Defender's Office" as her employer with an address of "902 Greene Street, Augusta, GA 30901." (Pl.'s EEOC Charge, Ex. A). This is different from Augusta's address as noted by Plaintiff in her Amended Complaint – "Defendant Augusta is a local government with headquarters at 535 Telfair Street, Augusta, Georgia 30901." (Am. Compl. at ¶ 6). Indeed, the EEOC's determination letter is only addressed to the "Augusta Public Defender's Office" and not Augusta. (*See id.* at Ex. A).

Additionally, Plaintiff's Charge lacks any factual particulars to suggest or imply that Augusta could be liable for the alleged violations asserted in the Charge. According to the Charge, Plaintiff had been employed with AJCPD since 2016, and her last known title was Assistant Public Defender. (*Id.*). Plaintiff's allegations in

the Charge involve four (4) individuals who were not even alleged Augusta employees. (*See* Ex. 1). In fact, nowhere in the Charge did Plaintiff mention the word "Consolidated Government of Augusta, GA" or anything similar to suggest Augusta was her employer or was otherwise involved in the wrongful conduct she claimed. (*Id.*).

The facts here are analogous to those in *McClure v. Oasis Outsourcing II, Inc.*, 674 F. App'x 873, 874 (11th Cir. 2016). The Eleventh Circuit in that case affirmed the district court's grant of the employer's motion to dismiss an employee's ADA claims because the employee failed to exhaust the administrative requirements. *Id.* at 874. Specifically, the employee failed to name the employer in her EEOC charge of discrimination and therefore the employer "was not afforded an opportunity to participate in the reconciliation process because nothing in the charge would notify the EEOC of the need to investigate any conduct of [the employer] or attempt reconciliation efforts with [the employer]." *Id.* at 875. The court also noted that the right to sue notice was not addressed to the employer. *Id.* This is identical to the facts in the instant matter where Plaintiff failed to mention "Augusta" in her Charge and the EEOC's correspondence was only directed to "Augusta Public Defender's Office." While Plaintiff alleges that Augusta and all Defendants had "notice of Plaintiff's EEOC Charge, communicated with the EEOC investigator, and

were afforded an opportunity to participate in the EEOC investigation" (Am. Compl. at ¶ 132), such conclusory allegations cannot trump the key facts evident on the face of the Charge.

In sum, Plaintiff's failure to include Augusta in her Charge is sufficient to conclude that she failed to exhaust her administrative remedies pertaining to Augusta. Accordingly, Plaintiff's Title VII claims against Augusta must be dismissed.

### D. Plaintiff's Title VII Claims Against Augusta Are Barred Because Augusta is Not Plaintiff's Employer As a Matter of Law.

Even assuming *arguendo* that Plaintiff exhausted her administrative remedies with respect to Augusta, Augusta is not Plaintiff's employer for purposes of her Title VII claims and thus such claims fail against Augusta. *See Kicklighter v. Goodrich*, 162 F. Supp. 3d 1363, 1369-70 (S.D. Ga. 2016), *aff'd sub nom. Kicklighter v. McIntosh Cty. Bd. of Commissioners*, 694 F. App'x 711, 713 (11th Cir. 2017) ("[Plaintiff's] employment-based claims against the County fail if there was no employer-employee relationship.").

As a threshold matter, Georgia law makes it clear that Augusta is a separate and independent agency from AJCPD, GPDC, and Ms. Mason. When determining whether governmental entities are joint employers, a court "must remain mindful of the state's expressed determination that the agencies and subdivisions of government

17

are divided and separated." *Peppers v. Cobb Cty.*, 835 F. 3d 1289, 1299 (11th Cir. 2016); *see Lyes v. City of Riviera Beach*, *Florida*, 166 F.3d 1332, 1345 (11th Cir. 1999) ("governmental subdivisions denominated as separate and distinct under state law should not be aggregated" for purposes of federal employment discrimination law"). In this regard, courts are advised to "act with care and circumspection before aggregating separate state actors as joint employers." *Peppers*, 835 F. 3d at 1300. The main inquiry when assessing the existence of a joint employer relationship "is not which entity control[s] the specific aspects of the relationship giving rise to the discrimination claim, but rather which entity or entities control[s] the fundamental and essential aspects of the employment relationship when taken as a whole." *Id.* at 1301; *see Avery v. City of Covington, Georgia*, 2020 WL 10054679, at *4 (N.D. Ga. Jan. 22, 2020) (finding that it is appropriate to treat a governmental entity as an employer under Title VII only where that entity exerts or shares control over the fundamental aspects of the employment relationship to such a <u>substantial extent</u> that it <u>clearly outweighs the presumption that the entities are distinct</u>) (emphasis added), report and recommendation adopted in part, 2020 WL 10055431 (N.D. Ga. Mar. 13, 2020), on reconsideration in part, 2021 WL 2435872 (N.D. Ga. Mar. 12, 2021) (granting city defendant's motion to dismiss).

Against this backdrop, courts in this circuit have granted dismissal under Rule 12(b)(6) based on similar facts where the Plaintiff has failed to allege sufficient facts in the complaint to deem the defendant an "employer" for Title VII purposes. *See, e.g.*, *Avery*, 2021 WL 2435872, at *4 (granting the City's motion to dismiss because the plaintiff failed to plead sufficient facts to show that the City was his joint employer and the plaintiff's conclusory statement that the City was his employer was insufficient); *Nelson v. Jackson*, 2015 WL 13545487, at *5–7 (N.D. Ga. Mar. 31, 2015) (granting a motion to dismiss in favor of Fulton County because the plaintiff failed to allege that the county exercised control over the daily employment practices of the plaintiff's department).

Here, in an effort to overcome the threshold presumption that Augusta was not a joint employer here, Plaintiff recites in conclusory terms, *inter alia*, that (1) Augusta was her joint employer (*Am. Compl.* at ¶ 14); (2) Augusta retained and shared or co-determined the terms and conditions of Plaintiff's employment with the other defendants (*id.* at ¶ 24); (3) Plaintiff served as Augusta's employee and Augusta had "the authority to hire and terminate Plaintiff, define the job duties of Plaintiff, and regulate Plaintiff's work environment" (*id.* at ¶¶ 29, 31); and (4) Plaintiff's employment was terminated by "Defendants" (*id.* at ¶ 96). Yet, separating these conclusions from the <u>facts</u> that Plaintiff admits reveals that Augusta

did not control the "fundamental and essential aspects of the employment relationship." *Id.* Indeed, Plaintiff admits that Ms. Mason, GPDC, and AJCPD "had the authority to hire, promote, demote, terminate, supervise, and define the job duties of Plaintiff, as well as regulate Plaintiff's work environment." (*Id.* at ¶ 32).

Moreover, with respect to the specific decisions at issue here, the facts, as specifically alleged by Plaintiff in the Amended Complaint demonstrate that Ms. Mason—not Augusta—controlled those decisions as well.  Specifically, Plaintiff only *factually* identifies Ms. Mason as the ultimate alleged wrongdoer regarding (1) <u>termination</u>: "…Plaintiff was terminated…by direction of Defendant Mason" (*id.* at ¶ 117); <u>case assignment</u>: "the case distribution was ordered, authorized and approved by Defendant Mason" (*id.* at ¶ 58); and alleged <u>harassment</u>: "Upon information and belief, Defendant Mason did not deny sick leave hours of Caucasian employees" (*id.* at ¶ 79) and "Defendant Mason did not pull any other attorneys' client letters from their inboxes, including inboxes that were filled with letters" (*id.* at ¶ 100). Plaintiff's Amended Complaint is devoid of any facts to suggest that Augusta was in control of her duties, workload, discipline, time-off requests, and/or termination. (*See generally* Am. Compl. at ¶¶ 32, 40, 78, 87, 101-102, 130).

Plaintiff's Amended Complaint is also replete with other similar *factual* admissions that clearly demonstrate that Ms. Mason, GPDC, and AJCPD – not

Augusta – were solely responsible for and in control of the essential terms and conditions of Plaintiff's employment and key decisions:

- "Supervising attorneys act at the behest of Defendant Mason." (*Id.* at ¶ 44);

- "…Ms. Hix emailed Plaintiff and instructed her to attend a meeting with Ms. Hix and Mr. Lee Prescott, Chief Assistant Public Defender." (*Id.* at ¶ 66);

- "On or about January 4, 2019, Ms. Mason sent Plaintiff an email notifying Plaintiff that she ordered that her sick leave hours be changed to personal leave." (*Id.* at ¶ 78);

- "Prior to her transfer, Plaintiff was told by Ms. Hix and [Ms.] Mason that her new workload would be more difficult, and that Plaintiff may have to work weekends and stay late." (*Id.* at ¶ 87);

- "In late October 2019, Ms. Mason began pulling Plaintiff's files and notating them…Defendant Mason reviewed Plaintiff's emails from the last 30 days and contacted all of Plaintiff's bonded clients." (*Id.* at ¶¶ 102, 111); and

- "…Plaintiff was terminated by Defendants via email on October 25, 2019, by direction of Defendant Mason." (*Id.* at ¶ 118).

Based on these admitted facts as well as Georgia law, Plaintiff's conclusory allegations are insufficient to establish that Augusta was Plaintiff's employer for purposes of her Title VII and Section 1983 claims.

## IV.   CONCLUSION

Based on the foregoing, Augusta respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Amended Complaint and dismiss Augusta as a party to the instant action.

Respectfully submitted this 21st day of February 2022.

/s/ Jamala S. McFadden

Jamala McFadden
Ga. Bar No. 490959
jmcfadden@theemploymentlawsolution.com
**The Employment Law Solution:**
**McFadden Davis, LLC**
800 Mt. Vernon Hwy, NE
Suite 410
Atlanta, GA 30328
Telephone: (678) 424-1380
Fax: (404) 891-6840

**COUNSEL FOR DEFENDANT**
**AUGUSTA, GEORGIA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

IYMAAN WILLIAMS,                        )
                                        )
        Plaintiff,                      )        Civil Action No:
                                        )        1:21-cv-00145-JRH-BKE
v.                                      )
                                        )
CONSOLIDATED GOVERNMENT )
OF AUGUSTA, GA, and THE                 )
GEORGIA PUBLIC DEFENDER                 )
COUNCIL, and THE AUGUSTA                )
CIRCUIT PUBLIC DEFENDER'S               )
OFFICE, and KATHERINE                   )
MASON in her individual capacity,       )
                                        )
        Defendants.                     )

## CERTIFICATE OF SERVICE

I certify that I have on this date filed the foregoing DEFENDANT

AUGUSTA, GEORGIA'S MOTION TO DISMISS PLAINTIFF'S AMENDED

COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT with the Court's

CM/ECF which sends notice of all filings to the following counsel of record:

Amanda M. Brookhuis
The Kirby G. Smith Law Firm, LLC
4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
T: (844) 454-7529
F: (877) 353-6253
amb@kirbygsmith.com

23

Respectfully submitted this 21st day of February, 2022.

*/s/ Jamala S. McFadden*

Jamala McFadden
Ga. Bar No. 490959
jmcfadden@theemploymentlawsolution.com
**The Employment Law Solution:**
**McFadden Davis, LLC**
800 Mt. Vernon Hwy, NE
Suite 410
Atlanta, GA 30328
Telephone: (678) 424-1380
Fax: (404) 891-6840

**COUNSEL FOR DEFENDANT**
**AUGUSTA, GEORGIA**