**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

|  |  |  |
|---|---|---|
| IYMAAN WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO: |
| | : | 1:21-CV-145-JRH-BKE |
| | : | |
| THE AUGUSTA CIRCUIT PUBLIC | : | |
| DEFENDER'S OFFICE | : | |
| | : | |
| Defendant. | : | |

**CONSENT NON-WAIVER AGREEMENT AND PROTECTIVE ORDER**

**PREAMBLE:**

Plaintiff Iymaan Williams and Defendant the Augusta Circuit Public Defender's Office ("Augusta PD") (collectively hereinafter "Parties") agree and stipulate as follows:

This lawsuit is presently in the discovery stage, and it appears that such discovery will involve review of personnel and employment-related documents and confidential information relating to current and former employees of Defendant Augusta PD.  The Parties have agreed to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary, and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Consent Protective Order.

In addition, discovery in this case may include significant amounts of Electronically Stored Information ("ESI").  Some of the ESI and other documents produced in this matter may contain attorney-client privileged communications, protected attorney work-product material, and other information protected as "privileged" under the Federal Rules of Evidence and not subject to discovery under the Federal Rules of Civil Procedure (hereinafter "Protected Material").

The Parties acknowledge that, despite best efforts to conduct a thorough pre-production review of all documents, some Protected Material, either as it relates to this case or the cases that Augusta PD handles for its own clients, may be inadvertently disclosed to the other party during the course of this litigation.  The fact that Defendant Augusta PD handles thousands of criminal cases each year, and has its own attorney-client privilege with its clients, coupled with the fact that many of the claims in Plaintiff's lawsuit concern case distribution also greatly exacerbates the risk of inadvertent disclosure of Protected Material.

The Parties desire to establish a mechanism to avoid waiver of privilege and any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material and to protect the confidentiality of Protected Material to the maximum extent possible.

Therefore, to preclude discovery disputes and to protect against the unauthorized dissemination and use of such information disclosed through

discovery in this action, the Parties, through counsel, hereby voluntarily agree and stipulate to the entry of this Consent Non-Waiver Agreement and Protective Order.

**CONSENT NON-WAIVER AGREEMENT:**

IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Non-Waiver Agreement shall govern the disclosure of Protected Materials in this action:

1. NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE.

(a)    The inadvertent disclosure of any document which is subject to a legitimate claim that the documents should have been withheld from disclosures as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

(b)    Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such documents.  In the event that the

producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written requests.  In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of the requesting party for the sole purpose of seeking court determination of the issue.

(c)     Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Non-Waiver Agreement and not subject to a dispute regarding the producing party's claim as to the protected nature of the inadvertently disclosed material, shall be and remain the property of the producing party.

(d)     To the extent there may be inconsistency between the aforementioned stipulations in this Non-Waiver Agreement and Federal Rule of Civil Procedure 26(b)(5), the latter shall control.

2.  CONFIDENTIAL TREATMENT OF PROTECTED MATERIAL

If Protected Material is disclosed through inadvertence or otherwise to any person not authorized under this Non-Waiver Agreement, the party causing such disclosure shall inform the person receiving the Protected Material that the information is covered by this Non-Waiver Agreement, make its best efforts to

retrieve the Protected Material, and promptly inform the producing party of the disclosure.

3.   GENERAL PROVISIONS

(a)      Nothing herein shall prevent any party from applying to the court for a modification of this Non-Waiver Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prosecute or defend this action or to prepare for trial; or from applying to the Court for further or additional protective Agreements; or from an Agreement between the parties to any modifications of this Agreement, subject to approval of the Court.

(b)      This Non-Waiver Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

**CONSENT PROTECTIVE ORDER:**

IT IS HEREBY STIPULATED AND AGREED by the Parties that the following clauses of this Consent Protective Order shall govern the production and use of confidential documents in this action:

1.

As used herein, the word "document" means (a) all papers, documents, and printed and written materials (including ESI) produced or furnished by, or obtained by the Parties during the course of this matter through discovery; (b) all copies, extracts, and complete or partial summaries prepared from such papers or

documents; (c) portions of deposition transcripts and exhibits thereto which relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings, filed with the Court, and exhibits thereto, which contain, quote, cite, or describe any such papers, documents, copies, extracts, or summaries in a manner that would compromise the confidentiality of the underlying paper, document, copy, extract, or summary; and (e) not any materials which in the good faith judgment of counsel are privileged or work product materials.

2.

All documents produced and information furnished by the Parties which are designated **"CONFIDENTIAL"** by the producing party shall be treated as such by all persons to whom such documents are disclosed. Such confidential documents, and all copies, summaries, compilations, notes, or abstracts, shall be used exclusively in this action and for no other purpose. Unless the recipients are parties to this lawsuit or court personnel, any documents designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order may not be disclosed wholly, in part, or in substance except as set forth below.

3.

If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 5, <u>infra</u>.

4.

Documents, other materials and deposition testimony designated as **"CONFIDENTIAL"** pursuant to the terms of this Consent Protective Order may be used only in connection with this case and may be disclosed only to the following persons:

(a)   To the parties and their respective counsel of record, their associated attorneys, and their regularly employed support staff, including paralegal and clerical personnel, who have a need to review the documents or other materials to aid in the preparation of this case;

(b)   To the United States District Court for the Southern District of Georgia, and any court of competent appellate jurisdiction, as well as court personnel, including stenographic reporters regularly employed by the court;

(c)   To other stenographic reporters as are necessarily incident to the conduct of this action; and

(d)     Only on an as needed basis, to deponents, to witnesses, prospective

witnesses, or persons requested by counsel to furnish technical or

other expert services, provided that such persons described above

agree not to disclose this information to any party or person outside

this litigation and agree to be bound by this Consent Protective Order.

5.

Prior to disclosure to potential witnesses for Plaintiff or Defendant (other

than current managerial employees of Defendant) of documents or other materials

designated as **"CONFIDENTIAL"** pursuant to this Consent Protective Order,

counsel shall advise the witness of this Order and use their best efforts to secure his

or her agreement to be bound by the terms of this Order.  Counsel for both Plaintiff

and Defendants agree to cooperate in good faith in securing the witness's

agreement.

6.

All documents, transcripts or other materials afforded confidential treatment

pursuant to this Consent Protective Order and in the possession of the Parties or

their counsel, including any extracts, summaries or compilations taken therefrom,

but excluding any materials which in the good faith judgment of counsel are work

product materials, shall be either (i) returned to the producing party's counsel

within sixty (60) days after the final resolution of this matter or (ii) destroyed by

the receiving party with confirmation of such destruction provided to the producing

party within sixty (60) days after the final resolution of this matter.

7.

Parties wishing any document or information previously designated as

**"CONFIDENTIAL"** filed as part of the record under seal must first present a

motion and/or consent order regarding said document to the Court.  The Clerk of

the Court is not authorized to accept for filing any document designated as sealed

without an Order from the Court approving specific documents to be filed under

seal.

8.

Any challenges to the designation of a document or information as

**"CONFIDENTIAL"** shall be filed no later than the close of discovery or within

ten days of receipt of the document, whichever last occurs.  Any party who

challenges such a designation shall specifically identify to the producing party the

document or information it believes was wrongly designated as

"**CONFIDENTIAL**," whereupon the designating party shall provide to the

challenging party within five (5) business days from receipt of the challenge a

written statement describing the grounds supporting its designation unless it

determines to remove the designation.  If the challenging party is not satisfied, the

parties shall meet and confer in good faith to attempt a voluntary resolution of any

challenge to a designation.  In the event the parties fail to reach agreement, they shall present such dispute informally for resolution by telephonic conference by making a request for such a conference to the presiding judge's staff attorney or staff.

9.

Nothing in this Consent Protective Order shall prohibit any party from introducing at a hearing or trial, or filing with or submitting to the Court, any confidential information designated as such under the terms of this Consent Protective Order.  However, nothing in this Consent Protective Order shall prohibit any party from filing a motion to seal any documents containing confidential information designated as such under the terms of this Consent Protective Order, whether at the time the documents are filed or afterward, in accordance with the Court's Local Rules and the Procedures for Electronic Filing Under Seal in Civil Cases, unless the presiding District Judge's procedures are inconsistent with those rules and procedures.

10.

The provisions of this Consent Protective Order will not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in open court, except as directed by separate order entered for good cause shown.

CONSENTED TO:  This 26th day of April, 2023.

*s/Amanda M. Brookhuis*                    *s/Mary Catherine Greaber*
*(signed with express permission)*     Counsel for Defendant Augusta PD
Counsel for Plaintiff                          Georgia Bar No. 441858
Georgia Bar No. 601396


        SO ORDERED, THIS _____ DAY OF _____, 2023.


_____
BRIAN K. EPPS
United States Magistrate Judge

11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| IYMAAN WILLIAMS, | : |
| | : |
|    Plaintiff, | : CIVIL ACTION FILE NO: |
| | :  1:21-CV-145-JRH-BKE |
| | : |
| THE AUGUSTA CIRCUIT PUBLIC | : |
| DEFENDER'S OFFICE | : |
| | : |
|    Defendant. | : |

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2023, the foregoing CONSENT NON-

WAIVER AGREEMENT AND PROTECTIVE ORDER was served by e-mail

upon the following counsel of record:


Amanda Brookhuis
amb@kirbygsmith.com

*Counsel for Plaintiff*


*s/Mary Catherine Greaber*
MARY CATHERINE GREABER    441858
Assistant Attorney General
*Attorney for Defendant Augusta PD*
Assistant Attorney General
40 Capital Square SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3523
Email:  mgreaber@law.ga.gov