IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| IYMAAN WILLIAMS, | * | |
| | * | |
| *Plaintiff*, | * | CIVIL ACTION FILE NO. |
| | * | NO. 1:21-cv-00145-JRH-BKE |
| v. | * | |
| | * | |
| THE AUGUSTA CIRCUIT PUBLIC DEFENDER'S OFFICE | * | |
| | * | |
| | * | |
| *Defendant.* | * | |

## THE AUGUSTA CIRCUIT PUBLIC DEFENDER'S OFFICE'S BRIEF IN SUPPORT OF ITS BILL OF COSTS

COMES NOW Defendant, The Augusta Circuit Public Defender's Office ("Augusta PD" or "Defendant"), by and through counsel, the Attorney General of the State of Georgia, and files this brief in support of its Bill of Costs in the above-referenced case and asserts that the Court should tax costs in the amount of two thousand five hundred ninety-six dollars and twenty-five cents ($2,596.25) against Plaintiff Iymaan Williams for the following reasons:

Judgment was entered on July 26, 2024 in favor of Defendant, with Defendant entitled to recover costs of this action. [Doc. 84]. *See also* Fed. R. Civ. P. 54(d)(1) ("[C]osts . . . should be allowed to the prevailing party"). Under

28 U.S.C. § 1920, the Court may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Additionally, pursuant to 28 U.S.C. § 1821, "a witness in attendance… before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid …an attendance fee of $40 per day for each day's attendance."

The amount that Augusta PD is asking the Court to tax as costs against Plaintiff is comprised of costs incurred as a result of the parties taking depositions. Such costs are taxable under 28 U.S.C. § 1920 (2) and (4) and 28 U.S.C. § 1821.

### A.   Court reporter costs for depositions

Defendant incurred necessary court reporter costs in the amount of two

thousand five hundred ninety-six dollars and twenty-five cents ($2,596.25)[1]. These costs are shown on the itemization sheet and invoices attached as Exhibits "A" and "B" to the Bill of Costs.

Exhibit "A" is the invoice of the court reporter who recorded the deposition of Plaintiff Iymaan Williams taken on May 5, 2023 by Defendant. Defendant seeks fees for the original and one copy of the transcript, appearance fee of the Court Reporter, including 1 hour for early 8 a.m. start and exhibits. Therefore, the requested amount is two thousand twelve dollars and twenty-five cents ($2,012.25).

Exhibit "B" is the invoice of the court reporter who recorded the deposition of Katherine Mason taken on July 11, 2023 by Plaintiff. Defendant seeks fees for a copy of the transcript, condensed transcript, exhibits (B&W and Color copy), and processing and compliance fee. Therefore, the requested amount is five hundred eighty-four dollars ($584.00).

When determining whether deposition costs should be taxed, the Court must decide whether the deposition was necessarily obtained for use in a case. *Watson v.*

---

[1] Defendant relies on *Composites, LLC v. Wachovia Bank, N.A.*, No. 1:05-cv-1998-GET, 2007 U.S. Dist. LEXIS 105211 (N.D. Ga. Apr. 3, 2007), (citing *Desisto College, Inc. v. Town of Howey-in-the Hills,* 718 F. Supp. 906, 913 (M.D.Fla.1989)) for additional support in asking for copying costs of the exhibits attached to the depositions.

*Lake County*, 492 Fed. App'x 991, 996 (11th Cir. 2012) (citing *EEOC v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000)).

In order to defend itself, Defendant noticed and deposed Plaintiff to determine the facts surrounding Plaintiff's claims of race and sex discrimination, retaliation, and hostile work environment in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended ("Title VII") and 42 U.S.C. § 1981 ("Section 1981") asserted via 42 U.S.C. § 1983 ("Section 1983"). [Docs. 22]. Plaintiff took the deposition of Katherine Mason, to prosecute her case.

Thereafter, Defendant obtained the transcripts and exhibits of these depositions taken in preparation for its motion for summary judgment. In fact, Defendant relied on all the above-mentioned depositions in support of its motion for summary judgment. [Doc. 70 & 71]. Defendant also filed separately each deposition they referenced in their motion in accordance with the Local Rule 32.1. On July 26, 2024, the Court granted Defendant summary judgment, and entered judgment in favor of Defendant. [Docs. 83 & 84].

In *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241-243 (N.D. Ga. 1993), it was determined that the prevailing party is entitled to recover the costs of the sealed originals and one copy of the depositions it took and one copy of any

other deposition necessarily obtained for use in the case regardless of which party took the depositions. Additionally, the costs of depositions filed in support of a motion for summary judgment may be taxed against the losing party. *United States EEOC v. W&O Inc.*, 213 F.3d 600, 621 (11th Cir. Fla. 2000). Furthermore, court reporter appearance fees are taxable. *Automed Techs., Inc. v. Knapp Logistics & Automation, Inc.,* No. 1:04-cv-1152-WSD, 2006 U.S. Dist. LEXIS 76610 (N.D. Ga. Oct. 19, 2006).

### B. Conclusion

For the reasons stated above, Defendant respectfully requests that this Court tax two thousand five hundred ninety-six dollars and twenty-five cents ($2,596.25) for deposition fees against Plaintiff.

Respectfully submitted, this 26th of August, 2024.

| | |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| *s/Katherine P. Stoff*<br>KATHERINE POWERS STOFF<br>Senior Assistant Attorney General | 536807 |

*Attorneys for Defendant Augusta PD*

Please address all
communications to:

KATHERINE P. STOFF
Senior Assistant Attorney General
Georgia Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3491
Email: kstoff@law.ga.gov

## Local Rule 7.1.D Certification:

By signature below, counsel certifies that the foregoing pleading was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*s/Katherine P. Stoff*
KATHERINE P. STOFF
Georgia Bar No. 536807
Senior Assistant Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2024, I caused to be filed the foregoing **DEFENDANT'S BRIEF IN SUPPORT OF ITS BILL OF COSTS** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Amanda Brookhuis
amb@kirbygsmith.com

Jamala McFadden
jmcfadden@theemploymentlawsolution.com

*Attorneys for Plaintiff*

                         *s/Katherine P. Stoff*
                         KATHERINE P. STOFF
                         Georgia Bar No. 536807
                         Senior Assistant Attorney General

Georgia Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3491
Email: kstoff@law.ga.gov